IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VIRGINIA SCARBOROUGH, Independent )
Administrator Of The Estate Of )
ROBERT S. SCARBOROUGH, Deceased, )
)
    Plaintiff, )
)
v. ) No.
)
UNITED STATES OF AMERICA, )
)
    Defendant. )

## COMPLAINT

## COUNT I - WRONGFUL DEATH

NOW COMES the plaintiff, Virginia Scarborough, independent administrator of the estate of Robert S. Scarborough, by and through her attorneys, Wham & Wham, and for Count I of her Complaint against the United States of America states as follows:

1. The plaintiff is the duly appointed qualified acting administrator of the estate of Robert S. Scarborough, deceased, having been appointed by the Circuit Court of Jefferson County, Illinois.

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C 1346(b).

3. On or about March 20, 2014, Robert S. Scarborough was admitted to the Marion Veterans Administration Hospital in Marion, Illinois for treatment related to a urethral stent.

4. During the course of this hospitalization, plaintiff's decedent developed psychiatric disorders that included emergent panic, and paranoia with psychotic features, which occurred as a result of administration of one or more medications, including Primaxin.

5. The full nature and extent of this psychiatric illness was never properly diagnosed or treated during the decedent's hospitalization.

6. Decedent was discharged from the hospital on March 25, 2014, at a time when he was still suffering from this improperly diagnosed and improperly treated psychiatric illness.

7. After discharge, plaintiff's decedent continued to suffer from the aforesaid psychiatric problems and was evaluated by the Veterans Administration Psychiatric Service on April 3, 2014 and found to have major depressive disorder with psychotic features, paranoid thinking, a sense of both foreboding and doom, with fear that he was going to die.

8. At this time, various medications, including Ativan, were discontinued and replaced by Paxil and Abilify.

9. Then on April 5, 2014, the decedent died as result of suicide by a self-inflicted gunshot wound.

10. That defendant, through its agents and/or employees, delivered care to plaintiff's decedent that was negligent and beneath the accepted standard of care in one or more of the following ways:

    a. Failed to accurately and timely diagnose the nature and extent Robert S. Scarborough's psychiatric condition;

    b.      Failed to intervene and treat the psychiatric condition from which Robert S. Scarborough was suffering in a timely matter;

    c.      Administered antibiotics that caused a psychiatric reaction after knowing of Robert S. Scarborough's sensitivity to the same;

    d.      Allowed Robert S. Scarborough to be discharged from the hospital without a thorough psychiatric evaluation at a time when he was suffering from psychotic psychiatric illness;

    e.      Failed to properly administer medications and monitor the administration and withdrawal of medications during Robert S. Scarborough's course of treatment; and

    f.      Failed to appreciate the nature and extent of Robert S. Scarborough's underlying disease process and the potential for suicide when evaluated by mental health professionals, both before and after hospitalization;

11.    As a direct and proximate result of or more of the foregoing negligent acts or omissions, Robert S. Scarborough's psychiatric condition remained untreated resulting in his suicide.

12.    This action is brought pursuant to the provisions of the Wrongful Death Act, 740 ILCS 180/1.

13.    The decedent left surviving his wife, Virginia Scarborough.

14.    Because of the decedent's wrongful death, the decedent's next of kin has endured extreme grief and has sustained economic and non-economic damages due to the deprivation of her means of support, and the deprivation of the decedent's society, companionship, guidance, love and affection, grief, sorrow, and mental suffering.

15. This suit is initiated within the time limits of the final denial of the Department of Veterans' Affairs.

16. An attorney's affidavit and certificate of merit are attached hereto, as Exhibits A and B, respectively.

WHEREFORE, plaintiff, Virginia Scarborough, independent administrator of the estate of Robert S. Scarborough, prays for judgment in her favor and against the United States of America for a fair and just award, plus cost of this suit and for such other just and further relief as the court deems appropriate.

## COUNT II- SURVIVAL ACT

NOW COMES the plaintiff, Virginia Scarborough, independent administrator of the estate of Robert S. Scarborough, by and through her attorneys, Wham & Wham, and for Count II of her Complaint states as follows:

1. The plaintiff is the duly appointed qualified acting administrator of the estate of Robert S. Scarborough, deceased, having been appointed by the Circuit Court of Jefferson County, Illinois.

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C 1346(b).

3. On or about March 20, 2014, Robert S. Scarborough was admitted to the Marion Veterans Administration Hospital in Marion, Illinois for treatment related to a urethral stent.

4. During the course of this hospitalization, plaintiff's decedent developed psychiatric disorders that included emergent panic, and paranoia with psychotic

features, which occurred as a result of administration of one or more medications, including Primaxin.

5. The full nature and extent of this psychiatric illness was never properly diagnosed or treated during the decedent's hospitalization.

6. Decedent was discharged from the hospital on March 25, 2014, at a time when he was still suffering from this improperly diagnosed and improperly treated psychiatric illness.

7. After discharge, plaintiff's decedent continued to suffer from the aforesaid psychiatric problems and was evaluated by the Veterans Administration Psychiatric Service on April 3, 2014 and found to have major depressive disorder with psychotic features, paranoid thinking, a sense of both foreboding and doom, with fear that he was going to die.

8. At this time, various medications, including Ativan, were discontinued and replaced by Paxil and Abilify.

9. Then on April 5, 2014, the decedent died as result of suicide by a self-inflicted gunshot wound.

10. That defendant, through its agents and/or employees, delivered care to plaintiff's decedent that was negligent and beneath the accepted standard of care in one or more of the following ways:

    a. Failed to accurately and timely diagnose the nature and extent Robert S. Scarborough's psychiatric condition;

    b. Failed to intervene and treat the psychiatric condition from which Robert S. Scarborough was suffering in a timely matter;

    c.    Administered antibiotics that caused a psychiatric reaction after knowing of Robert S. Scarborough's sensitivity to the same;

    d.    Allowed Robert S. Scarborough to be discharged from the hospital without a thorough psychiatric evaluation at a time when he was suffering from psychotic psychiatric illness;

    e.    Failed to properly administer medications and monitor the administration and withdrawal of medications during Robert S. Scarborough's course of treatment; and

    f.    Failed to appreciate the nature and extent of Robert S. Scarborough's underlying disease process and the potential for suicide when evaluated by mental health professionals, both before and after hospitalization;

11. As a direct and proximate result of or more of the foregoing negligent acts or omissions, Robert S. Scarborough's psychiatric condition remained untreated resulting in his suicide.

12. This action is brought pursuant to the provisions of 755 ILCS 5/27-6, commonly known as the Survival Act.

13. Prior to his death, plaintiff's decedent suffered severe injuries, severe anguish, pain and suffering, and emotional distress as a result of the wrongful conduct of the defendant, its' agents and employees. Further the decedent's estate had become liable and obligated to pay funeral, and burial expenses.

14. This suit is initiated within the time limits of the final denial of the Department of Veterans' Affairs.

15. An attorney's affidavit and certificate of merit are attached hereto, as Exhibits A and B, respectively.

WHEREFORE, plaintiff, Virginia Scarborough, independent administrator of the estate of Robert S. Scarborough, prays for judgment in her favor and against the United States of America for a fair and just award, plus cost of this suit and for such other just and further relief as the court deems appropriate.

Respectfully submitted,

/s/Daniel R. Price
Daniel R. Price            IL #6188928
WHAM & WHAM LAWYERS
212 East Broadway, P.O. Box 549
Centralia, Illinois 62801
Email: drpwhamlawyers@aol.com
Phone: (618) 532-5621
*Attorneys for Plaintiff,*
*Virginia Scarborough*